Lucy Walden, Administrator of Estate of Ole Walden, Deceased, Appellee, v. Chicago and North Western Railway Company, Appellant.

Gen. No. 45,172.

Opinion filed January 29, 1951. Rehearing denied March 2, 1951. Released for publication March 2, 1951.

LOWELL HASTINGS, DRENNAN J. SLATER, and JOHN L. DAVIDSON, JR., all of Chicago, for appellant; JOHN L. DAVIDSON, JR., of Chicago, of counsel.

JAMES A. DOOLEY, of Chicago, for appellee.

MR. PRESIDING JUSTICE NIEMEYER delivered the opinion of the court.

Defendant appeals from a judgment of $25,000 in an action under the Federal Employers' Liability Act brought by plaintiff as administrator of the estate of her deceased husband to recover damages resulting from the death of decedent.

██ On the day of his death and for some time prior thereto decedent was in the employ of defendant as a foreman in charge of five workmen engaged in repairing or rebuilding the Wolf Road Bridge in Proviso, Illinois. This bridge, over a quarter of a mile in length, crossed over the railroad yards of defendant in which cars in interstate and intrastate commerce were switched and stored. In *Ernhart v. Elgin, J. & E. Ry. Co.*, 405 Ill. 577, the court said that the criterion for the applicability of the Federal Employers' Liability Act is "the work at which the employee is engaged at the time of his injury. While it need no longer be shown that the employee was actually engaged in interstate commerce at the precise moment of his injury, it must be shown that his employment at the time was in furtherance of interstate commerce, or that it directly or closely and substantially affected such commerce." The bridge on which decedent was working was a part of the local highway system, an extension of Wolf Road—a public highway over the yards of defendant at a height not interfering with the operation of defendant's yard and the movement of cars or trains in the yard. In *Hallstein v. Pennsylvania R. Co.*, 30 F. 2d (6th Cir.) 594, the plaintiff at the time of his injury was working on an overhead highway bridge maintained in the city of Pittsburgh by the defendant railroad company. In affirming a directed verdict for defendant in an action under the Federal Employers' Liability Act the court said:

"The Herr's Island or Thirtieth Street bridge in no way facilitated the interstate transportation except indirectly in eliminating a grade crossing. . . . The

bridge was what it had always been, solely a part of the street and highway system of the city of Pittsburgh, entirely separated from all direct participation in or relation to the transportation moving beneath it.''

See also *Montgomery v. Terminal R. Ass'n of St. Louis,* 335 Mo. 348.

■ Decedent as foreman was in charge of the work performed by his crew and gave the orders and directions in the performance of the work. While engaged in fixing an iron stringer he fell 24 feet to the ground below and a board on which he had been standing fell on top of him. He died shortly thereafter. Defendant is charged with negligence in failing to provide a safe place for decedent to work and in negligently moving the board on which decedent was standing. Decedent being in full charge of the operations on the bridge, the failure, if any, to provide a safe place to work was the negligence of decedent for which no recovery may be had. *McGivern v. Northern Pac. Ry. Co.,* 132 F.2d (8th Cir.) 213, 218.

■■ Plaintiff argues that decedent was caused to fall by the negligence of Robert Durrenberger in moving the board on which decedent was standing. All members of the crew testified on plaintiff's behalf except Robert Durrenberger. He was subpoenaed by plaintiff and was present in court. None of the witnesses saw the accident. There is no testimony that Robert Durrenberger or any other member of the crew moved the board on which decedent was standing, and there is no fact or circumstance in evidence tending to support the charge that the board was negligently moved. No evidence was offered on behalf of defendant. At the close of plaintiff's case it moved for a

directed verdict, which the court denied. This was error.

The judgment is reversed.

*Reversed.*

Tuohy and Feinberg, JJ., concur.